1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,                         No. CR 10-00834 WHA

        Plaintiff,

   v.                                                          **ORDER DENYING
MOTION TO DISMISS**

ALEJANDRO GONZALEZ,

        Defendant.

_____/

## INTRODUCTION

Defendant moves to dismiss this criminal prosecution against him.  His motion argues that venue is improper, that counts two and three are impermissibly vague, and that count one must be dismissed as insufficiently charged.  The motion also requests an order compelling certain discovery from the government.

## STATEMENT

Defendant Alejandro Gonzalez is charged in the indictment with violating, in count one, 21 U.S.C. 846, conspiracy to possess with intent to distribute and to distribute cocaine, and in counts two and three, 21 U.S.C. 843(b), use of a communication facility (a telephone) to commit a felony drug offense.  According to the defense motion, which attaches a portion of the report of investigation for this incident, on November 2, 2010, federal agents, with the help of a confidential informant, arranged a "buy bust" operation.  This operation involved the ostensible purchase of five kilograms of cocaine from a suspected drug supplier known only as "Huero." (The indictment charges defendant as "Huero.")  As part of that operation, the agents directed the

**United States District Court**
For the Northern District of California

1    confidential informant to place several recorded phone calls to Huero.  The government's brief in

2    opposition to the instant motion represents that numerous calls were made by the informant to

3    defendant *and* by defendant to the informant to set up the deal.  This fact was acknowledged by

4    defense counsel at the hearing on the instant motion.  The agents and the confidential informant

5    were in San Francisco when they placed these phone calls.  Huero was in the Los Angeles area,

6    which is in the Central District of California.  The buy bust occurred in Modesto, California,

7    which is in the Eastern District of California.

**ANALYSIS**

9    **1.    VENUE**

10   Defendant first argues that venue is improper.  "The Sixth Amendment guarantees

11   criminal defendants the right to be tried in the state and district in which the crime was

12   committed."  *United States v. Johnson*, 297 F.3d 845, 861–62 (9th Cir. 2002) (citing U.S. CONST.

13   amend. VI and FED. R. CRIM. P. 18).  "[W]hen a defendant is charged in more than one count,

14   venue must be proper with respect to each count."  *United States v. Corona*, 34 F.3d 876, 879 (9th

15   Cir. 1994) (citations omitted).  Defendant does not contest the factual premise of the instant

16   motion, and at oral argument he agreed that this order should assume as true the government's

17   representations about the facts to decide the instant motion as a matter of law.

18   **A.    Count One: Conspiracy to Possess and Distribute Cocaine**

19   As to count one, defendant's brief states that "[i]t cannot be credibly argued that Mr.

20   Gonzalez possessed, or conspired to possess, narcotics within the Northern District of California.

21   . . . [T]here is no claim that he ever stepped foot in the Northern District as part of the alleged

22   crimes.  The alleged narcotics, as far as we know, were never in the Northern District prior to

23   seizure by the government."  It seems that the sole tie of this count to our district is the alleged

24   phone calls between the confidential informant and defendant, where the confidential informant

25   was here in our district (but defendant was not).  The report of investigation states: "at the

26   direction of agents . . . CS [] placed multiple recorded telephone calls to 'Huero's' cellular

27   telephone number . . . During these telephone calls, the CS negotiated to purchase five kilograms

28

1    of cocaine from 'Huero' for a total of $85,000. . . ."  This investigation was initiated by San

2    Francisco DEA agents.

3          Defendant's argument as to this count is based mainly on the *Corona* decision cited

4    above.  In that decision our court of appeals held, in the context of a drug prosecution in Nevada,

5    that venue was proper in Nevada for the conspiracy count but not for the substantive drug counts,

6    given that only defendant's confederates but not defendant himself took any actions in Nevada.

7    Defendant states: "As stated in *Corona*, venue is only proper in the district where the crime was

8    committed.  'Only actions by the defendant which constitute [conspiracy to possess narcotics with

9    intent to distribute] are probative in determining venue'" (Br. 4 (citing *Corona*, 34 F.3d at

10   879–80)).

11         Notice the bracketed portion of the language quoted by defendant.  The *actual* statement

12   by the court of appeals was that "[o]nly actions by the defendant which constitute . . . distributing

13   . . . are probative in determining venue." *Corona*, 34 F.3d at 879–80 (citation omitted; ellipses in

14   original).  This was in the context of discussing proper venue for *single noncontinuing acts* such

15   as cocaine distribution.  As to a *separate* count for conspiracy, *Corona* stated:

16         Although Corona never set foot there, Nevada was a proper venue for the
        conspiracy charge (count one) because it was the site of the initial agreement and
17      subsequent phone calls planning the drug transaction.  Venue for a conspiracy
        charge "is appropriate in any district where an overt act committed in the course
18      of the conspiracy occurred.  It is not necessary that [the defendant] himself have
        entered or otherwise committed an overt act within the district, as long as one of
19      his coconspirators did."

20   *Id.* at 879 (citing *United States v. Meyers*, 847 F.2d 1408, 1411 (9th Cir. 1988)).  Our defendant

21   has conflated the *Corona* venue analysis for a *conspiracy* charge with the very different *Corona*

22   venue analysis for *substantive* offense charges.  Our defendant is charged in count one with

23   <u>*conspiracy to possess with intent to distribute and to distribute cocaine*</u>.  Accordingly, his

24   invocation of *Corona* is misplaced; *Corona* actually militates in favor of proper venue in this

25   district "because it was the site of the initial agreement and subsequent phone calls planning the

26   drug transaction." *Ibid.*

27         Defendant also bases his motion on *United States v. Johnson*, 297 F.3d 845 (9th Cir.

28   2002).  That decision solely concerned the timing of a venue objection and affirmed the district

**United States District Court**
For the Northern District of California

3

court's holding that such objection had been waived in that case when brought at the end of the government's case at trial when the venue issue was apparent from the face of the indictment. Our defendant's brief says as much about *Johnson*. It is irrelevant to our inquiry, as there is no question of whether or not the instant motion is timely.

Yet a question remains about *Corona*, because in that case the individuals who took the acts in Nevada as a part of the conspiracy included confederates and not just undercover agents or informants. Moreover, there were actually acts taken in Nevada, not just a phone call to someone in that state. Our case presents slightly different facts, as here the only person in our district was an informant, and all he was doing was talking on the phone — allegedly to defendant. The government provides no help in pointing to authority concerning whether these differences affect the outcome of the instant motion. On this point the government solely cites the decision of *United States v. Ahumada-Avalos*, 875 F.2d 681, 683 (9th Cir. 1989). That decision affirmed a conviction for participation in the sale and distribution of cocaine and held that venue was proper where the defendant took certain actions in the district at issue. Once again, decisions concerned with venue for substantive drug crimes are irrelevant for our purposes here.

Our court of appeals has not provided guidance on our specific problem. Namely, do telephone calls between a government informant within our district and a conspirator outside of the district establish venue within the district? It appears that several other circuits have held that such telephone calls do establish venue within the district, and that no circuits have held otherwise. The Court of Appeals for the Second Circuit set out a particularly thorough analysis of this issue in *United States v. Rommy*, 506 F.3d 108 (2d Cir. 2007). *Rommy* affirmed a conviction for conspiracy to import ecstacy to the United States. Rommy was in the Netherlands and made calls to and from government actors in Manhattan. The reasoning in *Rommy* supporting a finding of venue is persuasive. It held that a call in furtherance of the conspiracy placed by a conspirator outside the district to a government actor within the district is sufficient to establish venue in the district, and that, moreover, "a telephone call placed by a government actor within a district to a conspirator outside the district can establish venue within the district provided the conspirator uses the call to further the conspiracy." *Id.* at 120–22.

4

This squares with general principles.  Congress has provided that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."  18 U.S.C. 3237.  It has long been the case that in a conspiracy case venue properly lies either where the conspiracy was formed or where an overt act in furtherance of the conspiracy was performed.  *Hyde v. United States*, 225 U.S. 347 (1912).  The holding in *Rommy* is also consistent with myriad decisions from other circuits that have found venue to be proper even if a defendant never set foot in the district in question but instead made telephone calls to and/or from one or more individuals in that district as a part of the conspiracy.  *See, e.g.*, *United States v. Stewart*, 878 F.2d 256, 258 (8th Cir. 1989); *Andrews v. United States*, 817 F.2d 1277, 1279 (7th Cir. 1987); *United States v. Lewis*, 676 F.2d 508, 511 (11th Cir. 1982); *United States v. Cordero*, 668 F.2d 32, 44 (1st Cir. 1981); *United States v. Strickland*, 493 F.2d 182, 187 (5th Cir. 1974).

In this case, a confidential informant, at the direction of government agents, allegedly called defendant and set up a drug buy.  The informant was in our district and defendant was not.  The report of investigation implies that defendant knew the informant was in our district ("The CS also informed 'Huero' that his/her buyer for the cocaine . . . would come to the deal if they were to meet halfway (from the Los Angeles, CA area *to the San Francisco Bay Area*).").  Moreover, the government represented at the hearing on the instant motion that defendant and the informant had prior dealings and accordingly defendant knew the informant was in our district.  The government represents that the evidence will show that calls were made from the informant to defendant and from defendant to the informant, and defense counsel conceded this fact at the hearing.  The two arranged for delivery of the drugs from defendant to the informant, including negotiating the price, amount, and place of delivery — all over the phone.  Defendant does not contest that this is the factual premise of the instant motion, *i.e.*, these are the alleged facts.  These calls were without doubt used to further the conspiracy and this order so finds.  As such, this order follows *Rommy* and similar holdings in other circuits — and declines to contravene all

existing authority that has been discovered — to hold that such phone calls, which commenced

and furthered the conspiracy, establish venue for the conspiracy count in our district.

**B.      Counts Two and Three: Use of a Telephone to Commit a Drug Offense**

As to counts two and three, defendant argues: "Again, '[o]nly actions by the defendant

which constitute [using a telephone to facilitate a narcotics transaction] are probative in

determining venue.' The fact that the confidential informant or the agents were in the Northern

District [] is of no moment" (Br. 5 (citing *Corona*, 34 F.3d at 879–80)). Defendant misleadingly

adds the content in brackets to this quotation in the same way identified above with regard to

count one. Defendant fails to cite any law that supports his argument or is even specific to 21

U.S.C. 843(b). On the other hand, the government correctly identifies that "under section 843 the

'use' of the telephones [is] committed both where the call [is] made and received" for purposes of

venue. *United States v. Arias-Villanueva*, 998 F.2d 1491, 1509 (9th Cir. 1993), *overruled on

other grounds*, *United States v. Jimenez-Ortega*, 472 F.3d 1102 (9th Cir. 2007) (where an

informant had called the defendant outside of the district). In reply defendant argues that because

*Arias-Villanueva* addressed both jurisdiction and venue challenges, it is somehow distinguishable

from our case. Not so. The court of appeals specifically addressed the venue issue separately

from the jurisdiction issue, and there is no reason why the holding on the former point is not

binding here. Defendant's venue challenges fail.

**2.      VAGUENESS AS TO COUNTS TWO AND THREE**

Defendant next argues that counts two and three should be dismissed because they are

unconstitutionally vague. "[A]n indictment is sufficient if it, first, contains the elements of the

offense charged and fairly informs a defendant of the charge against which he must defend, and,

second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same

offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citations omitted). An indictment

"must be a plain, concise, and definite written statement of the essential facts constituting the

offense charged." FED. R. CRIM. P. 7(c)(1). Defendant argues:

> The indictment in this case does not satisfy . . . the applicable standards. While
> counts 2 and 3 do track some of the language of §843(b) it does not include 'the
> essential acts constituting the offense charged. . . . It does not allege any specific
> calls, or the people to whom the calls were made, and does not adequately apprise

United States District Court

For the Northern District of California

1    Mr. Gonzalez of the charges he is facing.  The indictment as it currently stands
     would not allow Mr. Gonzalez to adequately invoke double jeopardy should he be
2    tried again in the future regarding the events of the day of his arrest.

3    (Br. 6–7).  Defendant does not provide any authority to support his assertion that the indictment

4    must allege specific calls or the people to whom the calls were made.  In fact, binding precedent

5    is to the contrary.  *See United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985) (holding

6    indictment sufficiently specific and bill of particulars not needed to specify (1) the names of any

7    unknown coconspirators; (2) the exact date on which the conspiracy began; or (3) all other overt

8    acts that comprised the charged activity).  Defendant's argument is otherwise comprised of a

9    general assertion that the indictment is not good enough, but he cites no decisions demonstrating

10   why this is so.

11       The indictment states, as to count two, that on or about October 20, 2010, defendant did

12   knowingly and intentionally use a communication facility (a telephone), in committing, causing,

13   and facilitating the commission of a felony involving five kilograms or more of a mixture and

14   substance containing cocaine.  Count three is identical except that it specifies a date of October

15   26, 2010.  Counts two and three thus track the language of the statute, specify the day the alleged

16   calls were made, and refer to the underlying felony and the specific controlled substance at issue.

17   This order finds that the indictment contains the elements of the offenses charged and fairly

18   informs the defendant of the charges against which he must defend, enables him to plead an

19   acquittal or conviction in bar of future prosecutions for the same offenses, and contains the

20   essential facts constituting the offenses charged.  It is not unconstitutionally vague.

21       **3.    INSUFFICIENT CHARGE AS TO COUNT ONE**

22       Defendant argues that count one was insufficiently charged.  An indictment charging

23   violation of 21 U.S.C. 846 "is sufficient if it alleges: a conspiracy to distribute drugs, the time

24   during which the conspiracy was operative and the statute allegedly violated, even if it fails to

25   allege or prove any specific overt act in furtherance of the conspiracy."  *United States v.*

26   *Tavelman*, 650 F.2d 1133, 1137 (9th Cir. 1981) (citation omitted).  Defendant argues that the

27   indictment does not include the "statute allegedly violated" because it does not "allege which

28   substantive count Mr. Gonzalez conspired to commit" (Br. 7).  Defendant misreads the quoted

language from *Tavelman*, because the statute allegedly violated *is* in the indictment: that statute is 21 U.S.C. 846.  Nevertheless, it also states that the conspiracy being charged is conspiracy "to possess with intent to distribute and to distribute cocaine."  That itself is a crime under 21 U.S.C. 841(a)(1), so in fact the indictment does "allege which substantive count Mr. Gonzalez conspired to commit."  Defendant's challenges fail; the indictment is sufficiently charged.

**4.     MOTION TO COMPEL**

Defendant moves for production of discovery mandated by Rule 16, *Brady*, *Giglio*, and "any other relevant case or statute."  The motion requests an order compelling the following:

**1.     The unsealing by the government of the identity of the undercover informant.**  Defendant states that he will agree to a protective order regarding this evidence.  The government states that it will therefore provide the requested information to the defense.

**2.     The production by the government of any video or audio recording of the questioning of defendant on the day of his arrest, and of any statement made by defendant.**  Defendant acknowledges that the government has already provided recordings of the telephone calls attributed to defendant.  The government states: "The United States believes it is in full compliance with its discovery obligations but will make further inquiries on the subject to ensure that all discovery has indeed been provided" (Opp. 6).  Defendant's reply brief did not include any comment on its discovery motion, so it seems that there is nothing further to be done on this issue at this time.  The parties are reminded of the requirement that they meet and confer before bringing a motion to compel.  CRIM. LOCAL RULE 16-2.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the indictment against him is **DENIED**, and the accompanying motion to compel is **DENIED AS MOOT** without prejudice to later motion if appropriate.  The next appearance will be **FEBRUARY 17, 2011, AT 2:00 P.M.**, as previously set, for the pretrial conference.

**IT IS SO ORDERED.**

Dated:  February 9, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California